ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| GABRIELA CRISTINA SOSA DAWSON PETICIONARIA | | *Certiorari pr*ocedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| v. | KLCE202400738 | Caso Número: BY2021RF01766 |
| RICHARD OMAR DARMANIN SERRANO RECURRIDO | | Sobre: Divorcio |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de julio de 2024.

Comparece la señora Gabriela Cristina Sosa Dawson (Sra. Sosa Dawson; peticionaria) mediante el recurso de epígrafe y nos solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI) el 13 de mayo de 2024 y notificada el 14 de mayo de 2024. En la referida decisión, el TPI declaró No Ha Lugar la solicitud presentada por la Sra. Sosa Dawson para que el señor Richard Omar Darmanin Serrano (Sr. Darmanin Serrano; recurrido) continuara aportando a los gastos de vivienda de los menores que ambos tienen en común.

Adelantamos que, en el ejercicio de nuestra discreción, denegamos la expedición del auto de *certiorari* solicitado sin trámite ulterior al amparo de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[1]

**I**

La Sra. Sosa Dawson y el Sr. Darmanin Serrano contrajeron matrimonio el 18 de junio de 2004.[2] El mismo fue disuelto mediante una sentencia de divorcio por consentimiento mutuo, emitida el 17 de diciembre de 2021.[3] Luego de varios trámites procesales, el TPI emitió una

---

[1] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".
[2] Apéndice del recurso, pág. 7.
[3] Apéndice del recurso, págs. 24-32.

*Resolución* sobre dos peticiones, una presentada por el recurrido y otra por la peticionaria.[4] La peticionaria solicitó que el Sr. Darmanin Serrano continuara sus aportaciones a los gastos de vivienda de los menores a pesar de este ostentar custodia compartida a tiempo igual. En cuanto a esto el TPI dictaminó lo siguiente:

> La presente controversia requiere considerar si procede ordenar el pago de gastos de vivienda de un menor alimentista a un progenitor que ostenta custodia compartida al cincuenta por ciento del tiempo, solo porque un acuerdo de pensión anterior perfeccionado cuando la custodia no era tiempo igual así lo disponía.

> La respuesta a esta pregunta tiene que ser en la negativa. La norma general a tenor con las Guías Mandatorias es que en casos de custodia compartida a tiempo igual los gastos de vivienda no se toman en consideración como parte del cálculo de gastos suplementarios. En este caso emitimos resolución de 1 de marzo de 2024 adoptando las recomendaciones de la Unidad Social de conceder custodia compartida a ambos progenitores a tiempo igual. Esta modificó la orden de custodia hasta entonces vigente, la cual[,] a pesar de ser compartida, equivalía a que el Sr. Darmanin la ejerciera un 20% del tiempo y la Sra. Sosa un 80%. En consecuencia, la petición de la Sra. Sosa es a todas luces inmeritoria. Contra lo anterior no obsta que las partes hubiesen establecido la pensión por acuerdo y no conforme a las Guías Mandatorias. La Sra. Sosa testificó en corte abierta que las partes no solo pactaron la pensión original, sino la subsiguiente modificación mediante la cual viabilizaron la venta de la residencia conyugal. El Sr. Darmanin así lo admitió, aunque testificó que su consentimiento pudo haber sido viciado por amenazas de la Sra. Sosa de que si no aumentaba su aportación a los gastos de vivienda no firmaría la estipulación.

> Ante los hechos de este caso, las circunstancias bajo las cuales las partes firmaron el acuerdo y su subsiguiente modificación no son dispositivas. Independientemente de que una pensión se establezca por acuerdo o siguiendo las Guías Mandatorias, la misma no es estática ni constituye cosa juzgada o ley del caso, como reclama la Sra. Sosa. Lejos de ello: las pensiones alimentarias siempre pueden estar sujetas a modificación, ya sea por haber transcurrido tres años desde que se estableció o por cambios sustanciales en las circunstancias de alguna de las partes. Establecer la custodia compartida a tiempo igual necesariamente impone una solución que sigue el principio de proporcionalidad bajo el cual cada progenitor tiene la obligación legal de aportar a la manutención de sus hijos. Conceder el remedio solicitado iría en contra de este principio, y nos obligaría a desviarnos del mandato legislativo para determinar las pensiones alimentarias de manera uniforme. En consecuencia, se declara No Ha Lugar la petición de la Sra. Sosa para que el Sr. Darmanin continúe aportando a los gastos de vivienda de los menores.[5]

---

[4] Apéndice del recurso, págs. 98-118.
[5] Apéndice del recurso, págs. 116-117.

Inconforme, la Sra. Sosa Dawson acudió ante nosotros y realizó los siguientes señalamientos de error:

PRIMER ERROR

ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL DETERMINAR QUE NO PROCEDE IMPONER AL PETICIONADO EL PAGO DE LA VIVIENDA, CONFORME LA RESOLUCIÓN DE 16 DE FEBRERO DE 2023 ACOGIENDO EL ACUERDO ENTRE LAS PARTES, "POR NO PERMITIRLO EL DERECHO VIGENTE" TRAS CONCEDERSE LA CUSTODIA COMPARTIDA A TIEMPO IGUAL A AMBOS PROGENITORES.

SEGUNDO ERROR

ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL DETERMINAR QUE UN CONTRATO TRANSACCIONAL SOBRE RENUNCIA AL DERECHO A HOGAR SEGURO PUEDE DEJARSE SIN EFECTO, AÚN CUANDO LAS PARTES CLARA E INEQUÍVOCAMENTE ACORDARON QUE, A CAMBIO DE LA RENUNCIA DE LA PETICIONARIA, EL PETICIONADO APORTARÍA AL GASTO DE LA VIVIENDA. AL ASÍ DETERMINARLO, VOILA EL PRINCIPIO DE LIBERTAD DE CONTRATACIÓN Y EL CUMPLIMIENTO DE LAS OBLIGACIONES [A] TENOR DE LO PACTADO, SIN TOMAR EN CONSIDERACIÓN LA TOTALIDAD DE LAS CIRCUNSTANCIAS BAJO LAS QUE SE ESTIPULÓ EL PAGO DE VIVIENDA.

**II**

**A**

El recurso de *certiorari* es un remedio procesal discrecional que permite al tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). El auto de *certiorari* se utiliza "para revisar tanto errores de derecho procesal como sustantivo". *Pueblo v. Colón Mendoza*, 149 DPR 630, 637.

En nuestro ordenamiento procesal civil y en lo pertinente, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.52.1 dispone lo siguiente:

[…]

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y **por excepción** a lo dispuesto

anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. (Énfasis nuestro.)

Es norma establecida que el asunto que se nos plantee en el auto de *certiorari* debe tener cabida bajo alguna de las materias reconocidas en la Regla 52.1 de Procedimiento Civil, *supra*, toda vez que esta regla enumera taxativamente bajo que materias, solamente, se podrá expedir el auto de *certiorari*. Por excepción, se permite que el Tribunal de Apelaciones puede revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de casos de relaciones de familia, como el de autos. Por consiguiente, debemos realizar un análisis dual para determinar si se expide o no un recurso de *certiorari*. Este examen consta de una primera parte objetiva y una segunda parte subjetiva.

En primer lugar, debemos determinar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1 de Procedimiento Civil, *supra*. Es norma reiterada que las partes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes o resoluciones interlocutorias sobre materias que no están especificadas en la Regla 52.1 de Procedimiento Civil, *supra*. En estos casos, en los cuales la materia no está comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

En segundo lugar, debemos analizar si procede la evaluación del recurso bajo la Regla 40 del Reglamento de Tribunal de Apelaciones que nos concede discreción para autorizar la expedición y adjudicación en los méritos del auto de *certiorari*. A esos fines, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios

que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De acuerdo con lo dispuesto en la Regla 40, *supra*, se evalúa "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido [o] una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Recordemos que la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros", sino que, como Tribunal revisor, nos ceñirnos a los criterios antes señalados. *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012) que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Si luego de justipreciar los referidos criterios, decidimos no expedir el recurso, podemos fundamentar nuestra determinación, pero no tenemos la obligación de así hacerlo. Véase, 32 LPRA Ap. V, R. 52.1.

**III**

Evaluado el recurso de *certiorari* presentado el 3 de julio de 2024, así como los documentos adjuntos al mismo, somos del criterio que no

se justifica nuestra intervención. A la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, no vemos que, en el manejo del caso ante el TPI, se haya incurrido en un abuso de discreción o que este haya actuado bajo prejuicio o parcialidad. Tampoco se demostró que, el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra la parte peticionaria. Por consiguiente, no se nos persuadió sobre la deseabilidad de intervenir en esta etapa de los procedimientos.[6]

**IV**

Por lo anteriormente expresado, denegamos expedir el auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Rivera Pérez disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).